UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rukon Uddin,<br><br>                               Plaintiff,<br>   -v-<br><br>Elm Healthy Choice Inc., and<br>Shahid Bob Rasul,<br><br>                               Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Rukon Uddin ("Plaintiff," or "Uddin"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Elm Healthy Choice Inc., and Shahid Bob Rasul (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate and 1.5 times the applicable New York State Minimum wage rate for such hours over forty in a week, pursuant to 12 NYCRR § 142-2.2 and 12 NYCRR § 146-1.4; (ii) is entitled to spread of hours wages from Defendants for working more than 10 hours a day and not being paid an additional hour of pay for each such day pursuant to 12 NYCRR § 142-2.4 and 12 NYCRR § 146-1.6; and (iii) is entitled to maximum liquidated damages and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Rukon Uddin ("Plaintiff" or "Uddin") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. At all times relevant herein, Defendant Elm Healthy Choice Inc. ("EHC") was a New York business corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Shahid Bob Rasul ("Rasul") who was in charge of the operations and management of ECH.

10. At all times relevant herein, Defendants individually, and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other

employment functions, and did in fact perform these functions as to Plaintiff.

11. Upon information and belief, Defendants shared a place of business in Queens County, New York at 7901 Broadway, Elmhurst, NY 11373 where Plaintiff was employed.

12. At all times relevant herein, Defendants individually and/or jointly employed Plaintiff.

13. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**STATEMENT OF FACTS**

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in the food and restaurant business – part of the national Au Bon Pain restaurant chain.

15. Upon information and belief, and at all relevant times herein, Defendants individually and/or jointly employed about 60 or more employees.

16. Plaintiff Uddin was employed by Defendants from in or around 2012 to on or about December 27, 2019.

17. At all times relevant herein, Defendants employed Plaintiff to perform a variety of functions in its restaurant.

18. At all times relevant herein, Plaintiff was am hourly employee of Defendants.

19. At all times relevant herein and during his employment with Defendants, Plaintiff was paid at a regular hourly rate of about $12.50-$20.00 an hour during different periods.

20. At all times relevant herein, Defendants paid Plaintiff at his straight regular rate for his overtime hours (hours over 40 in a week) worked, for each week during his employment with Defendants.

21. At all times relevant herein, Plaintiff worked about 60-65 or more hours a week for Defendants and Plaintiff was paid at his straight regular rate for his overtime hours (hours

over 40 in a week) worked.

22. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for each week during his employment with Defendant as required by 12 NYCRR §§ 142-2.2, 146-1.4.

23. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for Defendants, for at least 2-3 days a week but was not paid an extra hour of pay for each such day by Defendants as required by 12 NYCRR §§ 142-2.4, 146-1.6.

24. A more precise statement of the hours and wages will be made when Plaintiff Uddin obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

27. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500,000.

28. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

29. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

30. At all times applicable herein and upon information and belief, Defendants conducted

business in interstate commerce involving the purchase of food and other essential equipment and supplies.

31. Defendants as a regular part of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

32. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

35. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

36. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

37. "Plaintiff" as used in this complaint refers to the named Plaintiff.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

39. All times applicable or relevant herein, as to the FLSA claims refers to the two-year and three-year period preceding the filing of this complaint, but this period may be longer. All times applicable or relevant herein, as to the NYLL claims refers to the six-year period preceding the filing of this complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)**

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

42. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 206.

43. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

44. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

45. Due to Defendants' FLSA overtime wage violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. & 12 NYCRR 142, 146 (OT, SOH)**

46. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

48. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and not less than 1.5 times the applicable New York State Minimum wage rate for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2., 12 NYCRR § 146-1.4.

49. At all times relevant herein, Defendants failed to pay Plaintiff an additional hour of pay for each day Plaintiff worked a spread of hours of more than 10 hours a day, during his employment with Defendants, in violation of 12 NYCRR §§ 142-2.4, 146-1.6.

## Relief Demanded

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, spread of hour wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

51. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 50 above with the same force and effect as if fully set forth at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

53. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages and wage deductions, including his unpaid overtime wages, spread of hour wages, within the time required under NY Labor Law § 190 et seq.

54. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover

7

in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

55. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

56. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, spread of hour wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142, 146, and Article 6 of the NYLL – NYLL § 190 et Seq.

58. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

59. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime, spread of hours compensation, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 146-1.4, 12 NYCRR § 142-2.1, 146-1.2 and 12 NYCRR §§ 142-2.4, 146-1.6, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to his **Third Cause of Action**, award Plaintiff any and all outstanding wages and wage deductions, including his entire unpaid wages, including his unpaid overtime wages, spread hour wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

61. Award Plaintiff prejudgment interest on all monies due.

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
    **January 30, 2020**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com